UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARGARY BUTLER,<br><br>        Plaintiff,<br><br>v.<br><br>JANE WHITE, QUEBEC INCORPORATED AND TRANSPORT EXPLORER, INC., GEORDIE BUTLER, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>        Defendants. | **MEMORANDUM DECISION**<br><br>**AND ORDER**<br><br><br>2:16-CV-00279-DS<br><br><br>District Judge David Sam |

Defendants Quebec Incorporated, Transport Explorer INC. and Jane White ("Defendants") have filed a Motion for Leave to Amend their Answer and to File a Cross-Claim Against Co-Defendant Geordie Butler. Doc. No. 20. After careful review of the briefing and the applicable law, the court hereby grants the motion.

This case involves a rear end car accident between two motor vehicles on November 13, 2014. Defendants' cross claim seeks to allocate fault for causing the accident to co-defendant Geordie Butler. Such cross claim is not only permissible under Utah law, but is necessary to preserve certain defenses available to defendants. Federal Rules of Civil Procedure (Fed. R. Civ. P.) 13 and 14 allow the assertion of cross and third-party claims against persons who "are or may be liable" to a defendant in the initial litigation. Defendants allege that Mr. Butler's negligent actions were a substantial factor in causing the accident in this case.

Granting leave to amend is a "matter committed to the court's sound discretion." *Cont'l Bank, N.A. v. Caton,* 136 F.R.D. 691, 693 (D. Kan. 1991) (citing *First City Bank, N.A. v. Air Capitol Sales, Inc.* 820 F.2d 1127 (10th Cir. 1987). Several factors must be considered in deciding whether to grant or deny a motion to amend: will the amendment result in undue prejudice to the non-movant, was the request inexplicably delayed, and was it offered in good faith. *St. Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 ( 10th Cir. 1984).

As it is still early in the discovery process and Geordie Butler is already a party to this action, there is no prejudice to the parties if Defendants are allowed to file their cross claim. The court also finds that there is no inexplicable delay, as Defendants filed this motion after learning that all the parties, including Mr. Butler, conceded to the fact that he lost control of his car prior to the accident. Finally, there is no evidence that Defendants are acting in bad faith in filing this motion.

Co-defendant Geordie Butler argues that under the Utah Liability Reform Act ("ULRA"), co-defendants no longer need to file a cross-claim because ULRA is the mechanism which determines the amount of monetary liability the respective parties owe one another and Plaintiff. The ULRA creates a cause of action under state law, providing for the joinder of any person "who may have caused or contributed to the injury or damages for which recovery is sought, for the purpose of having determined their respective proportions of fault." *Utah Code Ann.* § 78-27-41 (1996).

There is no conflict between the state statute and federal rule. The ULRA creates a cause of action for apportionment; the federal rules provide a procedural framework for the assertion of claims against third parties and codefendants. Each "can exist side by side . . . controlling its

own intended sphere of coverage without conflict. . . ." *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752 (1980). Although a cross claim for allocation of fault is not necessary to have liability apportioned among co-defendants, filing a separate cross claim is necessary to preserve certain defenses, such as the right to oppose a co-defendant's motion for summary judgment. *Packer v. National Services Industries, Inc.,* 909 P.2d 1277, 1278 (Utah Ct. App. 1996).

## CONCLUSION

Based on the foregoing, and for good cause appearing, the court hereby grants Defendants leave to file the proposed amended answer to include a cross claim against co-defendant Georgie Butler.

DATED this 6th day of September, 2017.

BY THE COURT:

DAVID SAM

United States District Judge